OPINION
Defendant James A. Foster appeals a judgment of the Municipal Court of Ashland County, Ohio, convicting and sentencing him for excessive speed in violation of R.C. 4511.21(D). Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THE DEFENDANT-APPELLANT GUILTY WHERE SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates Trooper John Bisesi of the Ohio State Highway Patrol cited appellant for speeding on Interstate 71 after he measured appellant's speed at 82 m.p.h. in a 55 m.p.h. zone using a moving radar device. The trooper described his training and experience, and testified he observed several commercial vehicles traveling at a high rate of speed. The trooper activated the radar, obtained a reading of 82 m.p.h. on his first target, obtained some other speeds on other vehicles, and stopped the first vehicle, which was operated by the appellant. The officer testified he had checked the radar earlier in the day, and believed it was working properly; the speed of 82 m.p.h. for appellant's tractor-trailer rig was close to what the trooper had anticipated. The trooper also testified it was approximately the speed the trooper was traveling after he turned his patrol car to catch up to appellant. Defense counsel cross-examined the trooper thoroughly regarding the accuracy of the radar device in the presence of other vehicles, and the fact the trooper briefly lost visual contract with appellant's vehicle prior to the stop.
Appellant testified in his own defense, and testified his truck was one of about six traveling at approximately the same speed. Appellant testified he was originally in the left lane, going down hill when he saw the trooper. Appellant merged into the right lane and was passed by another truck. Appellant testified his speed on the downgrade was approximately 65 m.p.h., and he was not going 82 m.p.h. Appellant testified there was a passenger car which passed the group of trucks going much faster than the trucks were, a couple of miles before appellant observed the trooper make his U turn and pursue him. Appellant argues the court's judgment was against the manifest weight of the evidence because the record does not demonstrate appellant's vehicle is the one the trooper clocked at 82 m.p.h.
Our standard of reviewing a claim the court's judgment is against the manifest weight of the evidence is to review the record and determine whether there is sufficient evidence from which the trier of fact could reasonably conclude the State had proven the offense beyond a reasonable doubt, see State v. Eley
(1978), 56 Ohio St.2d 169. The issues of credibility and weight of the evidence must be left to the trier of fact, see State v.DeHass (1967), 10 Ohio St.2d 230.
We have reviewed the record, and we find there was sufficient, competent and credible evidence from which the trial court could determine appellant had operated his vehicle in excess of the speed limit.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Ashland, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.